UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CESAR AUGUSTO CAMARILLO ROMERO,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-3198

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

**I. Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.7.) In an order entered on November 9, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the May 29, 2026,[1] bond hearing on November 13, 2026. (Resp., ECF No. 6; Recording of May 29, 2026, Bond Hearing, filed on Nov. 13, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Venezuela who entered the United States in 2023. (Complement to Grounds, ECF No. 1-1, PageID.11.) On December 7, 2025, Petitioner was arrested by ICE. (*Id.*)

On March 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Camarillo v. Raycraft et al.* (*Camarillo I*), No. 1:26-cv-835 (W.D. Mich.). In *Camarillo I*, the Court found Petitioner was detained under § 1226 but dismissed Petitioner's petition for a writ of habeas corpus because Petitioner had already received a § 1226 bond hearing on February 27, 2026, and Petitioner's habeas action did not raise any claims regarding that bond hearing. Op., *Camarillo I,* (W.D. Mich. Apr. 3, 2026), (ECF No. 6).

On May 12, 2026, Petitioner filed his second § 2241 challenging the constitutionality of his February 27, 2026, bond hearing and his prolonged detention in *Camarillo v. Raycraft et al. (Camarillo II),* No. 1:26-cv-1569 (W.D. Mich.). In *Camarillo II*, the Court dismissed Petitioner's petition for a writ of habeas corpus, finding that Petitioner's current detention and the Immigration Judge's decision to deny his bond request at the February 27, 2026, bond hearing were constitutionally sufficient. Op., *Camarillo II*, (W.D. Mich. May 28, 2026), (ECF No. 6).

On May 29, 2026, Petitioner received another bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 6-1, PageID.60.) During the bond hearing, the Immigration Judge stated, "I am going to deny bond. I'm finding [Petitioner] has failed to show that he is not a flight risk for the reasons addressed by both parties and obviously, mainly that he is subject to an

---

[1] Respondents believe the bond hearing occurred on May 27, 2026, though the Immigration Judge Order is dated May 29, 2026. (Resp., ECF No. 6, PageID.47, n.3.)

order of removal, albeit not a final one." (Recording of May 29, 2026, Bond Hearing, at 7:10–7:28, filed on Nov. 13, 2026.) At the conclusion of the May 29, 2026, hearing, the Immigration Judge denied Petitioner's request for bond because Petition is a "[f]light risk." (Immigration Judge Order, ECF No. 6-1, PageID.60.)

**III. Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 20, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge